IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LAMAR RISHAWN CANNON # 100980, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:26-cv-00305 |
| v. | ) | |
| | ) | Judge Richardson |
| RONNIE PRICE, *et al.*, | ) | Magistrate Judge Holmes |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This is a pro se prisoner case filed by Lamar Rishawn Cannon, an inmate of the Dekalb County Jail. (Doc. No. 1).

**I. BACKGROUND**

The Court previously informed Plaintiff that he must submit a pauper application or pay the full civil filing fee no later than June 21, 2026 to proceed with this action. (Doc. No. 7). The Court warned Plaintiff that failure to do one or the other by the deadline could result in the dismissal of this action. (*Id.* at 2). The Court advised Plaintiff that he could seek an extension of the deadline, if necessary, "but he must do it before the deadline passes." (*Id.*)

The deadline passed, and Plaintiff had not complied with the Court's instructions. Neither had Plaintiff requested an extension of the deadline. The Court therefore dismissed this action without prejudice by Order entered on August 12, 2026. (Doc. No. 8).

About three weeks later, Plaintiff filed a Motion for Leave to Amend Complaint (Doc. No. 9), Motion to Waive Filing Fee (Doc. No. 10), Motion for Extension of Time to File Response/Reply as to Order No. 7 (Doc. No. 11), and two motions docketed as "Second Motions for Miscellaneous Relief" (Doc. Nos. 12, 13).

## II. POST-JUDGMENT MOTIONS

The Court begins with Plaintiff's post-judgment motions.

A. Second Motions for Miscellaneous Relief

Upon reviewing the two motions both docketed as "Second Motions for Miscellaneous Relief," the Court notes that the first motion was titled by Plaintiff as a "Motion [for] Extended Time." In that motion, which was received by the Court on September 1, 2026, and signed by Plaintiff on August 22, 2026, Petitioner asks the Court to extend his deadline for complying with the Court's May 20, 2026 Order to December 1, 2026. (Doc. No. 12 at 1, 3). Even if the Court applied the prison mailbox rule[1] and considered the date Plaintiff signed the motion (rather than the date the motion was received by the Court), the deadline for complying with the Court's prior Order had, at that time, already passed by two months.

The second motion was titled by Plaintiff as "Motion Mental Crisis." (Doc. No. 13 at 1). In that motion Plaintiff states that he has been on "suicide observation" since April 2026 and expects to be under such observation until October 2026. (*Id.* at 2). While Plaintiff does not describe in detail the conditions of suicide observation at the Dekalb County Jail, the Court understands Plaintiff to assert[2] that the conditions are, or have been, such that he has been unable to correspond with the Court and unable to receive communications from the Court in a timely manner. If that is the case, Plaintiff may not have received the Court's May 20, 2026 Order until after the deadline for responding to the Order had passed.

---

[1] Under the "prison mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 270 (1988), and the Sixth Circuit's subsequent extension of that rule in *Richard v. Ray*, 290 F.3d 810, 812 (6th Cir. 2002) and *Scott v. Evans*, 116 F. App'x 699, 701 (6th Cir. 2004), a prisoner's legal mail is considered "filed" when he deposits his mail in the prison mail system to be forwarded to the Clerk of Court.

[2] In a previous filing, Plaintiff stated that suffers from "a[n] intellectual impediment." (Doc. No. 6 at 1).

In Plaintiff's "Motion for Extension of Time to File Response/Reply as to Order 7" (Doc. No. 11), Plaintiff explains that since he has been on suicide watch, staff took all his property (including "those civil actions papers [that the Court] sent") and he is on "commissary restriction and is not allow[ed] to order paper and envelopes etc." (*Id*. at 2; Doc. No. 11-1 at 13). Staff have placed him in a "green pickle suit," and he "attempted to email the court but the Dekalb staff disable[d] [his] email . . . ." (Doc. No. 11-1 at 5-6). Plaintiff clearly indicates that he wishes to pursue this lawsuit after he is released.[3]

Given Plaintiff's pro se status, his post-dismissal filings, and the circumstances he describes, the Court construes Plaintiff's "Motion Mental Crisis" as a request to reconsider the Court's dismissal of his case. The Federal Rules of Civil Procedure do not permit motions for reconsideration after the dismissal of an action (which is the case here), but the Court can consider a motion seeking an amendment of the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure or a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

Rule 59 provides that the court may grant a motion to alter or amend a judgment if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. Fed. R. Civ. P. 59(e); *see Westerfield v. U.S.,* 366 F. App'x 614, 619 (6th Cir. 2010) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). A motion to alter or amend judgment under Rule 59(e) must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). Therefore, Plaintiff's motion, if construed as a Rule 59(e) motion, was not timely filed.

[3] It is unclear if Plaintiff is referring to release from suicide watch or release from incarceration. In any event, Plaintiff states that release is anticipated in October 2026.

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or the judgment is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6). A motion for relief from a judgment or order under Rule 60 must be filed "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Therefore, Plaintiff's motion, if construed as a Rule 60 motion, was timely filed.

None of the enumerated grounds for relief under Rule 60(b)(1)-(5) apply in this case. Rule 60(b)(6) is a catchall provision that provides for relief from a final judgment for any reason justifying relief not captured in the other provisions of Rule 60(b). *McGuire v. Warden*, 738 F.3d 741, 750 (6th Cir. 2013). Rule 60(b)(6) only applies in exceptional or extraordinary circumstances where principles of equity mandate relief. *Id.* "The decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Blue Diamond Coal v. Trustees of United Mine Workers*, 249 F.3d 519, 529 (6th Cir. 2001); *see also Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009). A district court's discretion in deciding a Rule 60(b)(6) motion is especially broad

due to the underlying equitable principles involved. *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014).

The Court finds that the circumstances here justify relief for Plaintiff under Rule 60(b)(6). Because Plaintiff was on suicide watch, Plaintiff appears not to have received the Court's prior Order directing him to take action until after the deadline for taking such action had passed. After learning of the dismissal of his case, Plaintiff took swift action and filed multiple motions with the Court, reflecting an intent to prosecute. The defendants would not be prejudiced by a delay, because they have not yet been served. Thus, Plaintiff's "Motion Mental Crisis" (Doc. No. 13), which the Court construes as a motion for relief from judgment pursuant to Rule 60(b), will be granted. *See Crystal Lee Martin v. Officer Kalum Stanley*, No. 25-5661 (on appeal from the MDTN in No. 3:26-cv-00305) (6th Cir. Feb. 18, 2026) (order reversing district court's dismissal of pro se prisoner's case without prejudice and denial of Rule 59(e) motion where prisoner had not received the court's orders instructing her to take action, "indicating that the failure to prosecute was not willful or done in bad faith," prisoner acted promptly after discovering her case had been dismissed, and "it is difficult to say that the defendants were prejudiced by the delay, because they had not yet been served."). This ruling moots Plaintiff's "Second Motion for Miscellaneous Relief", which asks for additional time to comply with the Court's May 20, 2026 Order (Doc. No. 12), and Plaintiff's Motion for Extension of Time to File Response/Reply (Doc. No. 11).

B. <u>Motion for Leave to Amend Complaint</u>

Despite the title that Plaintiff gave it, Plaintiff's Motion for Leave to Amend Complaint (Doc. No. 9) does not seek to amend the complaint. Rather, the motion asks the Court to "allow him to litigate his case after his release in October." (*Id.* at 1). It is unclear why Plaintiff needs a stay until October, considering that he filed five pro se motions in September as well as a Notice

of Appeal; However, the Court surmises from Plaintiff's other filings that he is having trouble obtaining a certified copy of his inmate account statement. The Court will address those difficulties below. The motion essentially seeking a stay of the case (Doc. No. 9) will be denied without prejudice. If there are circumstances of which the Court is unaware that prevent Plaintiff from prosecuting his case, he may file another motion.

C. <u>Motion to Waive Filing Fee</u>

Plaintiff's Motion to Waive Filing Fee (Doc. No. 10) cannot be granted. All plaintiffs in federal court must pay the civil filing fee or obtain pauper status. If Plaintiff obtains pauper status, he is not responsible for paying the civil filing up front; he can spread out payments over time as he is able to pay. In addition, he would obtain the benefit of paying a total of $350 rather than $405 in filing fees.

Plaintiff may avail himself of the opportunity to seek pauper status by filing an IFP Application. However, he has not yet submitted the proper paperwork. He must complete an Application for Leave to Proceed In Forma Pauperis, which the Court calls an IFP Application for short, and mail it to the Court. The Clerk is **DIRECTED** to mail Plaintiff the form he needs: Short Form, AO 240. Plaintiff **MUST** complete the form and return it to the Court within 30 days, counting from the date this Order was entered. In addition, because Plaintiff is a prisoner, he must provide a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of his complaint as required by 28 U.S.C.§ 1915(a)(2) and a statement of his transactions over the past six months.

Plaintiff cannot certify his own statement. The statement must be signed by the jail official who manages inmate trust accounts, which makes it "certified." Notarization is not required. Jail officials often provide this statement on a form entitled "Certificate of Prisoner Institutional/Trust

Fund Account Activity." Plaintiff states that jail staff refuse to furnish him with his inmate trust account "stating that you yourself [the Court] has to request them." (Doc. No. 11 at 2). Plaintiff is instructed to show jail staff a copy of this Order. The Court expects jail officials to comply with statutory requirements to provide a certified copy of inmate trust accounts and transaction history upon request, free of charge. No court order is required.

If jail officials refuse to comply with Plaintiff's request for the certified statement, Plaintiff must provide written documentation to the Court of the dates he requested the statement, to whom he requested the statement, and the response(s) of the person(s) to whom Plaintiff requested the statement.

If Plaintiff needs more than 30 days to submit his pauper application and accompanying materials, he may request an extension of the deadline in writing, but he must do so before the deadline expires.

## III. CONCLUSION

Based on the foregoing, Plaintiff's "Motion Mental Crisis,"[4] (Doc. No. 13), which the Court construes as a motion for relief from judgment pursuant to Rule 60(b), is **GRANTED**.

The Court hereby **VACATES** its Order of August 12, 2026, dismissing this case without prejudice and **DIRECTS** the Clerk to reinstate this case to the active docket.

Plaintiff's Motion for Leave to Amend Complaint, which does not seek leave to amend the complaint, (Doc. No. 9) is **DENIED WITHOUT PREJUDICE**.

Plaintiff's Motion to Waive Filing Fee (Doc. No. 10) is **DENIED**.

[4] This motion was docketed as "Second Motion for Miscellaneous Relief."

Plaintiff's motions requesting an extension of time (Doc. Nos. 11, 12[5]) are **DENIED AS MOOT**.

The deadline for Plaintiff to submit either an IFP Application or the civil filing fee is extended to 30 days after the date this Memorandum Opinion and Order is entered. Plaintiff **MUST** do one or the other before this deadline expires if he wishes to proceed with this case.

IT IS SO ORDERED.

Eli Richardson
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

[5] This motion also was docketed as "Second Motion for Miscellaneous Relief."